### Robert Stuart v. The State.

No. 8322.   Decided June 25, 1924.

**Receiving Stolen Property—Insufficiency of the Evidence.**

Where, upon trial of receiving stolen property, the evidence was insufficient to sustain the conviction, the judgment must be reversed and the cause remanded.

Appeal from the County Court of Hall.  Tried below before the Honorable A. C. Hoffman.

Appeal from a conviction of receiving stolen property; penalty, a fine of $50 and ten days confinement in the county jail.

The opinion states the case.

*Fitzgerald & Grundy,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney, for the State.

MORROW, Presiding Judge.—The conviction is for receiving stolen property; punishment fixed at a fine of fifty dollars and confinement in the county jail for a period of ten days.

James Long, on May 13th, after the close of a religious service, missed his bridle which he had left on his horse upon entering the church.   On May 25th, he discovered the bridle upon one of the horses hitched at a school-house.   Appellant claimed the horse and bridle at the time.   The State witness Carl Hale, testified that on the night of May 13th, he, in company with Jeff Stuart, a brother of the appellant, agreed to steal two bridles.   Hale stole one bridle, and later saw Jeff Stuart in possession of a bridle different from that which he had previously had, but which the witness could not identify.

Appellant testified that he resided with his father and that Jeff Stuart lived with his brother at a different place; that appellant had been working in Memphis for some months, and was not acquainted with the bridles upon his father's premises; that he saw the bridle in question in possession of his brother and on the next day he had an engagement to attend school exercises in company with the witness Crabb; that in preparing for the trip Crabb was requested by the appellant to bridle and saddle his horse while he made a change of clothes; that he noticed the bridle and supposed that his brother had left it there; and had no knowledge that it was stolen. Crabb testified to facts corroborating his connection with the transaction related by the appellant.

The case was tried before a jury, and this court would not be warranted in disturbing the verdict on account of the penalty assessed.

One of the principal elements of the offense is guilty knowledge which ordinarily must be proved by circumstances. Bishop's New Crim. Proc., 2nd Ed., Vol. 2, Sec. 991. We confess our inability to perceive any cogent proof that the appellant was aware of the fact that the property was stolen. He had not concealed it. There was no evidence that he had obtained it under suspicious circumstances. The explanation made by him was reasonable, and we fail to find in the record such circumstances as warrant the necessary conclusion that the appellant knew that the bridle was stolen. The bare possession of it has ofen been held by this court to be insufficient. Wilson v. State, 12 Texas Crim. App., 481; Estes v. State, 23 Texas Crim. App., 611; Arcia v. State, 26 Texas Crim. App., 205; Castleberry v. State, 35 Texas Crim. Rep., 383.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*